IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

ANASTATIA JASPER,

       Plaintiff,

v.

WINDSOR EQUITY GROUP, INC.,

       Defendant.

## COMPLAINT FOR DAMAGES

1. Defendant is a debt collector who engaged in abusive debt collection activity against Ms. Jasper. Defendant illegally talked to numerous third parties, including Ms. Jasper's grandfather, father, mother and a friend, to pressure Ms. Jasper to pay the debt.

2. Plaintiff brings claims for violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. §§1692, *et seq.* ("FDCPA")

### Jurisdiction

3. This Court has jurisdiction under the FDCPA, 15 U.S.C. §1692k(d), and under 28 U.S.C. §§1331, 1337 and 1367.

### Parties

4. Plaintiff Anastatia Jasper resides in New Mexico. She is a "consumer" as defined by 15 U.S.C. §1692a(3). At all times relevant to this complaint, she resided in New Mexico.

5. Defendant Windsor Equity Group, Inc. ("Windsor") is a foreign corporation whose principal business is the collection of consumer debts. Alternately, it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another. It has been

engaged by multiple creditors to do so.  Windsor is a "debt collector" within the definition of the FDCPA, 15 U.S.C. § 1692a(6).

## Facts

6. Ms. Jasper has a consumer motor vehicle loan with Chase Bank.

7. Like many others in the current economic slowdown, she has suffered economic distress and has been unable to pay the bank.

8. Chase turned the account over to Windsor to assist it with collecting the account.

9. Windsor commenced an abusive campaign to collect this debt.

10. Ms. Jasper had her attorney contact Windsor and request that it cease communication.

11. However, Windsor continued to contact Ms. Jasper and others to collect the debt.

12. When it called Ms. Jasper, Windsor tried to collect the account by demanding that Ms. Jasper bring the account current.

13. Windsor called Ms. Jasper's grandfather, stepfather, mother, and a friend of hers.  All of these phone calls were designed to embarrass Ms. Jasper and to put enormous pressure on her to pay the debt.

14. Windsor left messages with these persons for Ms. Jasper to return the call to Windsor, as soon as possible, without asking about Ms. Jasper's address, phone number or employer, and without asking to verify any location information that it had.

15. Windsor told a friend of Ms. Jasper that it was attempting to collect a debt from Ms. Jasper and that it would take Ms. Jasper to court if she did not pay promptly.

16. Windsor also accused Ms. Jasper's friend of concealing Ms. Jasper's vehicle and threatened to contact the friend's family and others to find out if the woman had done so.

17. Windsor called Ms. Jasper's friend multiple times, despite her request that it stop calling.

18. Windsor also spoke with Ms. Jasper's grandfather and stepfather, telling them that Ms. Jasper was in trouble and that if she did not return the call, there would be legal action.

19. Ms. Jasper called Windsor and begged them to stop calling these third parties, but Windsor disregarded that request and continued its abusive campaign.

20. Windsor kept calling Ms. Jasper's cell phone, causing her to incur costs, despite her request for it to cease.

21. Windsor never sent written notice to Ms. Jasper explaining her rights under the FDCPA, as required by 15 U.S.C. § 1692g.

22. The foregoing acts and omissions were undertaken by Defendant willfully, maliciously, knowingly and in conscious or reckless disregard of the rights of Plaintiff.

23. Defendant's actions constitute the transaction of business within New Mexico and the commission of tortious acts within this state.

24. As a result of the actions of Defendant, Ms. Jasper suffered actual damages, including invasion of privacy, lost time, embarrassment, inconvenience, aggravation, humiliation, and emotional distress.

### First Claim for Relief: Violations of the FDCPA

25. The foregoing actions of Defendant violate the FDCPA, including 15 U.S.C. §§ 1692c, 1692e, 1692f and 1692g.

26. Plaintiff is entitled to recover statutory damages and actual damages.

### Second Claim for Relief: Violations of the Unfair Practices Act

27. Defendant Windsor is subject to the Unfair Practices Act for their business conduct in New Mexico.

28. The foregoing actions of Defendant Windsor constitute unfair or deceptive trade practices, and unconscionable trade practices, within the meaning of the New Mexico Unfair Practices Act, NMSA 1978 §57-12-2(D) and (E).

29. Defendant willfully engaged in these unlawful trade practices.

30. Plaintiff is entitled to recover actual or statutory damages, actual or statutory damages trebled, plus costs and reasonable attorney's fees.

31. Plaintiff is entitled to injunctive relief to prevent irreparable injury that will result from continued collection activities.

### Third Claim for Relief: Tortious Debt Collection

32. Defendant's actions constitute unreasonable and tortious debt collection practices which invaded Ms. Adams' privacy, in violation of the doctrine enunciated by the New Mexico Supreme Court in *Montgomery Ward v. Larragoite*, 81 N.M. 383 (1970).

33. Plaintiff is entitled to recover actual damages in an amount to be proven at trial, and punitive damages should also be awarded against Defendant.

WHEREFORE, Plaintiff prays that this Honorable Court:

A. Award statutory and actual damages for Defendant's violations of the Fair Debt Collection Practices Act;

B. Award actual and punitive damages for Defendant's tortious debt collection;

C. Award actual or statutory damages, trebled, for violations of the Unfair Trade Practices Act;

D. Enjoin Defendant from further collection activities, including calls to plaintiff and to third parties;

E. Award reasonable attorney fees;

      F.      Award costs; and

      F.      Grant such other relief as it deems just and proper.

Respectfully submitted,

*/s/ Richard N. feferman*

---

Feferman & Warren, Attorneys for Plaintiff
Richard N. Feferman
300 Central Ave. SW, Suite 2000 West
Albuquerque, New Mexico 87102
(505) 243-7773