IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**ANASTATIA JASPER,**

      Plaintiff,

v.                                                                                                          10cv980 MCA/RHS

**WINDSOR EQUITY GROUP, INC.,**

      Defendant.

**ORDER GRANTING PLAINTIFF'S RULE 37(b)**
**MOTION FOR DISCOVERY SANCTIONS**

THIS MATTER comes before the Court on Plaintiff's Rule 37(b) Motion for Discovery Sanctions (Doc. 58). The Court previously reviewed this Motion and issued an order (Doc. 65). However, Plaintiff moved for reconsideration (Doc. 66) and this Court set aside its previous Order (Doc 74). The trial court referred the pending motion to the undersigned for decision. After reviewing Defendant's Amended Response to Plaintiff's Motion for Discovery Sanctions (Doc. 75) and Plaintiff's Reply (Doc. 77), the Court concludes that Plaintiff's original Rule 37(b) Motion for Discovery Sanctions (Doc. 58) is well-taken and should be GRANTED.

**BACKGROUND OF DISCOVERY DISPUTE**

On February 28, 2011, Plaintiff served her first discovery requests (Doc. 12). Plaintiff filed her first Motion to Compel on April 25, 2011 (Doc. 18), and the undersigned entered an Order Granting Plaintiff's Motion to Compel (Doc. 24). Defendant was given until July 5, 2011 to produce the requested information (Doc. 24). Instead of producing the discovery relevant to debt collection as Defendant was ordered to do, Defendant filed Objections and a Motion to Modify the May 23, 2011 Order of the Magistrate Judge Granting the Plaintiff's Motion to

Compel (Doc. 25).  On February 16, 2012, the trial court overruled Defendant's objections to the Magistrate Judge's order granting Plaintiff's first motion to compel (Doc. 55).  Plaintiff served a second set of discovery requests on February 21, 2012 (Doc. 57).  On March 12, 2012, more than a year after serving the first discovery requests, Plaintiff filed a Rule 37(b) Motion for Discovery Sanctions (Doc. 58).

During this protracted discovery period, Defendant has filed other motions that have delayed producing the requested information.  Defendant moved to stay the Magistrate Judge's order pending a ruling on the objection (Doc. 30).  Then Defendant attempted to stay the case by filing a suggestion of bankruptcy as to Plaintiff (Doc. 31).  On August 10, 2011, the trial court stayed the case (Doc 46) pursuant to the suggestion of bankruptcy.  The stay was lifted on October 31, 2011 (Doc. 51) because the bankruptcy proceedings terminated (Doc. 48).

The parties submitted a Confidentiality Order regarding the same information that was the subject of Plaintiff's first motion to compel (Defendant's contacts, contracts and agreements, phone records pertaining to Plaintiff) and the undersigned entered this Confidentiality Order on February 8, 2012 (Doc. 54).  Despite the Confidentiality Order protecting Defendant's interests and despite the trial court overruling Defendant's objections to the undersigned's original order granting Plaintiff's motion to compel, Defendant has not fully produced the requested information.

## ANALYSIS

Plaintiff's Complaint alleges that "Defendant is a debt collector who engaged in abusive debt collection activity against Ms. Jasper," (Compl. ¶ 1) and "Plaintiff brings claims for violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq." (Compl. ¶ 2).  Defendant denied that it is a debt collector (Doc. 5).  According to the Act, the "term "debt

collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.  15 U.S.C. § 1692a(6).  Plaintiff has requested various discovery to prove that Defendant is a debt collector and therefore must comply with the Act.

The discovery requests which are the subject of Plaintiff's Motion to Compel (Doc. 19) relate to Plaintiff attempting to prove that that Defendant is a debt collector within the meaning of the Fair Debt Collection Practices Act.  Plaintiff sought information relating to credit originators who may have used Defendant's services to collect debts (Interrogatory No. 13), contracts and agreements between credit originators such as auto finance companies (Request for Production No. 4), and phone records pertaining to Defendant telephoning Plaintiff or those associated with her (Request for Production No. 8) (Doc. 19).  The discovery requests enumerated in Plaintiff's Reply Brief in Support of Plaintiff's Rule 37(b) Motion for Discovery Sanctions (Doc. 77) are mostly the same.

The undersigned requested "that Defendant respond as specifically as possible to Plaintiff's allegations in the original motion, for example, by citing to discovery requests by number" (Doc. 74).  However, Defendant did not pair its motion responses to Plaintiff's enumerated discovery requests, so it is less than perfectly clear to what Defendant asserts it has responded fully because the Court has been left to piece together Defendant's argument.  As to Interrogatory No. 13, it appears that Defendant claims that it no longer has contact information for businesses with which it used to conduct business, and therefore cannot produce the information.  Plaintiff should not be prejudiced by Defendant's inability to produce business records, and this weighs in favor of granting the sanction that Plaintiff requests, concluding that

Defendant is a debt collector. For Request for Production No. 4, Defendant argues that agreements with certain businesses never became signed contracts and therefore signed contracts do not exist to produce to Plaintiff. Again, if Defendant did not commit to writing its business relationships and Defendant cannot provide contact information so that Plaintiff can ask other parties about the business relationships, Plaintiff should not be prejudiced in its quest to prove that Defendant is a debt collector. With regard to Request for Production No. 8, Defendant states that it does not keep its phone records and referred Plaintiff to Defendant's telephone service provider. After a year-long discovery dispute, this evidences less than enthusiastic compliance with the Court's orders to produce the requested information, and also weighs in favor of granting the sanction that Plaintiff seeks.

For non-compliance with this Court's orders granting the motion to compel, Plaintiff seeks a declaration that Defendant is a debt collector within the meaning of the Act. The Federal Rules of Civil Procedure permit this result. "If a party or a party's officer, director, or managing agent . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following: . . . directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims . . . ." Fed. R. Civ. P. 37(b)(2)(A)(i). Given Defendant's non-compliance with Plaintiff's discovery requests and Court orders over a long period of time, the Court concludes that it is appropriate to grant Plaintiff's Rule 37(b) Motion for Discovery Sanctions and declare that Defendant is a debt collector for the purposes of Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq.

## CONCLUSION

Plaintiff's Rule 37(b) Motion for Discovery Sanctions (Doc. 58) is GRANTED.  For the purposes of this litigation, Defendant is, and hereby will be considered, a "debt collector" within the meaning given by the Fair Debt Collection Practices Act.

*Robert Hayes Scott*
_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE