IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANASTATIA JASPER,

      Plaintiff,

v.                                                                              No. 10cv980 MCA/RHS

WINDSOR EQUITY GROUP, INC.,

      Defendant.

**MEMORANDUM OPINION**

This matter is before the Court pursuant to its entry, contemporaneously herewith, of its Findings of Fact and Conclusions of Law. This Memorandum Opinion explains the reasoning underlying certain conclusions of law set out in the accompanying Findings of Fact and Conclusions of Law.

**Conclusion of Law No. 6**

15 U.S.C. § 1692k(a) provides that "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to *such* person. . . ." As the Court reads this provision, the debtor is not in every case the party with standing to bring a claim with respect to a particular act of noncompliance. For example, Plaintiff does not have standing to assert a claim based on alleged acts of harassment by Windsor directed at her former friend, Nicole Balido. To the extent that Nicole Balido's rights were violated by acts of noncompliance, *e.g.*, 15 U.S.C. §§ 1692b(3) (limiting number of communications with third party); 1692d (proscribing "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt"), she may bring her own FDCPA action.

This is not to say, however, that Plaintiff must have been a party to a communication in order to have standing.  If, in the course of a communication with a third party, Windsor violated provisions of the FDCPA enacted for the protection of debtors such as Plaintiff,  Plaintiff would have standing, even though she was not a party to the communication.

**Conclusion of Law No. 7**

15 U.S.C. § 1692b(6) prohibits a debt collector who knows that the consumer is "represented by an attorney *with regard to the subject debt*" from communicating with third parties. (Emphasis added).  15 U.S.C. § 1692c(a)(2) prohibits a debt collector from contacting a consumer who the debt collector knows is "represented by an attorney *with respect to such debt*." (Emphasis added).  To avail herself of these provisions, the consumer-FDCPA plaintiff must establish two facts:  (1) she was represented by an attorney with respect to the debt that is the subject of the defendant's collection activity and (2) the defendant had actual knowledge that the attorney in question was representing the plaintiff with respect to the debt that is the subject of the defendant's collection activity.  *McKeown, v. Mary Jane M. Elliott P.C.*, No. 07-12016-BC, 2007 WL 4326825 *5 (E.D. Mich. Dec. 10, 2007) ("[T]he burden is on Plaintiffs to demonstrate that each was in fact represented by an attorney with respect to the debt. . . .").  Evidence that a consumer has consulted a bankruptcy attorney does not necessarily mean that the bankruptcy attorney is representing the consumer "with regard  to" or  "with respect to" the underlying debt. *See Erickson v. Messerli & Kramer, P.A.*, Civil No. 09-3044 (DWF/JJG), 2011 WL 1869044 *6-7 (D. Minn. May 16, 2011) (concluding that genuine issue of material fact existed as to whether bankruptcy attorney's  representation of FDCPA plaintiffs with respect to Chapter 7 proceeding constituted the representation of plaintiffs with respect to the subject debt).   There is no

evidence in the record about the specific terms of Plaintiff's retainer agreement with bankruptcy attorney Hickox, assuming that such an agreement existed.  Moreover, the evidence shows that attorney Richard N. Feferman was representing Plaintiff in a lawsuit against Chase Bank at the time that Windsor was attempting to locate Plaintiff and her truck.  Plaintiff's evidence was insufficient to persuade the Court that it was more likely than not that Plaintiff had retained attorney Hickox to represent her with respect to the loan from Chase Bank.

**Conclusion of Law No. 13**

      15 U.S.C. § 1692k(c) provides that:

> A debt collector may not be held liable in any action bought under this subchapter if the debt collector shows by a preponderance of the evidence that the violation was unintentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonable adapted to avoid any such error.

This section sets out what is generally known as the "bona fide error" affirmative defense. To prevail on the defense provided by § 1692k)(c), the FDCPA defendant must prove that the violation of the FDCPA was: "1) unintentional,  2) a bona fide error, and  3) made despite the maintenance of procedures reasonably adapted to avoid the error."  *Johnson v. Riddle*, 443 F.3d 723, 727-28 (10th Cir. 2006).  Windsor has proposed that the Court conclude that Windsor's failure to send out the written notice by 15 U.S.C. § 1692g was the result of a bona fide error. [Doc. 112 at 7-9]

    Windsor's invocation of the bona fide error defense underscores the unavoidable tension between historical fact and the Magistrate Judge's order deeming Windsor a debt collector.  That order was not appealed as provided in 28 U.S.C. § 636(b), and now stands as the law of the case.  The parties have not cited, and the Court has not found, any case applying the bona fide error to

3

defense to a party who in fact was not a debt collector, but who has been deemed a debt collector as a discovery sanction.

The Court need not address the first two prongs of the Court of Appeals' formulation of the bona fide error defense because it is clear that Windsor fails the third prong. There is no evidence in the record that Windsor maintained procedures reasonably adapted to insure that it sent out the written notice required by § 1692g to the targets of its investigations. The absence of such evidence is easily explained: since Windsor in fact was not a debt collector and could not have anticipated the Magistrate Judge's discovery ruling deeming Windsor a debt collector for purposes of this litigation, there would have been no need for Windsor to concern itself with the requirements of § 1692g.

**Conclusion of Law No.15**

15 U.S.C. § 1692k(a)(2) provides for an award of additional statutory damages in an individual action not exceeding $1,000. In fixing the amount of statutory damages, a court must consider relevant factors, including those set out in 15 U.S.C. § 1692k(b)(1). Among these enumerated factors is "the extent to which such noncompliance was intentional." At the times material to Plaintiff's complaint, Windsor was not in fact a debt collector, *see DeMaestri, v. Verifacts Inc.*, Civil Action No. 11-cv-02430-WYD-KMT, 2012 WL 1192758 *7-8 (D. Colo. Mar. 16, 2012) (holding that defendant whose business is skip tracing is not a debt collector for purposes of the FDCPA; collecting authorities); *Burnett v. Mort. Elec. Registration Systems, Inc.*, 706 F.3d 1231, 1236 (10th Cir. 2013) (acknowledging that a person whose business has the principal purpose of enforcing security interests and who does not otherwise qualify as a debt collection is subject only to 15 U.S.C. § 1692f(6)). Windsor could not have known in August

and September 2010 that subsequently it would be deemed a debt collector generally subject to the FDCPA as a discovery sanction.  Although the Court has treated Windsor as a debtor collector for purposes of liability in order to give effect to the Magistrate Judge's discovery sanction, the Court declines to stretch the fiction that Windsor is a debt collector to the point of retroactively attributing to Windsor a state of mind that is inconsistent with the facts as they actually existed in August and September 2010, and as developed at trial.  Accordingly, to the extent subparagraph 1692k(b)(1) requires consideration of Windsor's state of mind in August and September 2010, the Court finds that the instances of Windsor's noncompliance with the FDCPA as found by the Court were not intentional within the meaning of subparagraph 1692k(b)(1). Having considered the relevant factors, including the frequency and persistence of noncompliance with respect to Plaintiff, the nature of such noncompliance with respect to Plaintiff and the fact that the noncompliance was not intentional, the Court finds an award of $250 in statutory damages to be appropriate.

       **Entered this 18th day of June, 2013.**

                                              M. CHRISTINA ARMIJO
                                              UNITED STATES DISTRICT JUDGE